# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JAMES MICHAEL SAILORS,** *Plaintiff* § § § | |
| **v.** § § | **Case No. 1:22-cv-1110-LY-SH** |
| **NICHOLAS GANCI,** *Defendant* § § § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE LEE YEAKEL**
      **UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Complaint for Violation of Civil Rights (Dkt. 1) and Application to Proceed In Forma Pauperis and Financial Affidavit in Support (Dkt. 2), both filed October 31, 2022; and Plaintiff's Application for Permission to File Electronically (Dkt. 4) and More Definite Statement for Claim under 42 U.S.C. 1983, Motion for Franks Hearing, and Motion for Service on Defendant Acting In Forma Pauperis (Dkt. 5), filed November 7, 2022. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 3.

## I.   ORDER

### A. Motion to Proceed *In Forma Pauperis* (Dkt. 2)

Plaintiff James Sailors, who is proceeding *pro se*, seeks leave to file his Complaint without having to pay the filing fee. After reviewing his Application and financial affidavit in support, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff's

1

Application to Proceed In Forma Pauperis and Financial Affidavit in Support (Dkt. 2). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (quoting 28 U.S.C. § 1915(f)(1)).

As stated below, the Court has conducted a Section 1915(e) review of the claims in Plaintiff's Complaint and recommends that the claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on Defendant at that time.

**B.  Application for Permission to File Electronically (Dkt. 4)**

Plaintiff also asks the Court to approve his request to become an electronic filing user in the United States District Court for the Western District of Texas. The Court hereby **GRANTS** Plaintiff's Application for Permission to File Electronically (Dkt. 4) and **ORDERS** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this action. If he has not already done so, Plaintiff is directed to review the "General Information" section on the "CM/ECF" tab on the United States District Court for the Western District of Texas's website (www.txwd.uscourts.gov). Plaintiff shall submit a completed United States District Court for the Western District of Texas E-Filing and E-Noticing Registration Form via email to the email address provided on the form (txwd_ecf_help@txwd.uscourts.gov).

### C. More Definite Statement (Dkt. 5)

Because the undersigned Magistrate Judge recommends that the District Court dismiss Plaintiff's claims as frivolous, as stated below, Plaintiff's More Definite Statement for Claim under 42 U.S.C. 1983, Motion for Franks Hearing, and Motion for Service on Defendant Acting In Forma Pauperis (Dkt. 5) is hereby **DISMISSED** as moot.

## II.  REPORT AND RECOMMENDATION

### A. Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under 28 U.S.C. § 1915(e)(2).

#### 1. Standard of Review

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are liberally construed in favor of the plaintiff. *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* A plaintiff's *pro se* status, however, does not offer him an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 315 (5th Cir. 2020) (citation omitted).

**2. Analysis**

Plaintiff asserts that Defendant Nicholas Ganci, an arson investigator with the Austin Fire Department, violated his Fourth Amendment rights by making false statements and omitting material facts with the intent to mislead in his affidavit in support of a warrant to arrest Plaintiff for arson. Plaintiff alleges that Ganci omitted information contained in a prior police report and other information about the victim of the alleged crime, Keri Johnson, and deliberately made a false statement that there was a bomb in Johnson's apartment. Dkt. 5 at 5-7.

After his arrest, Plaintiff pled guilty to arson and was convicted of the lesser included charge of criminal mischief on May 3, 2022.[1] *State v. Sailors*, No. D-1-DC-21-300008 (427th Dist. Ct., Travis Cnty., Tex. Jan. 5, 2021).

The Court finds that Plaintiff's claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under the favorable termination rule set out in *Heck*,

> a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

---

[1] The Court takes judicial notice of the state court docket under Federal Rule of Evidence 201. *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (holding that district court may take judicial notice of state court docket); *see also Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995) (taking judicial notice of state court orders).

*Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Heck*, 512 U.S. at 486-87). The Fifth Circuit Court of Appeals has extended *Heck*'s holding to plaintiffs who have pled guilty to the underlying crime. *See, e.g.*, *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017); *Connors v. Graves*, 538 F.3d 373, 375, 378 (5th Cir. 2008).

Plaintiff pled guilty to arson, the crime for which he alleges he was falsely arrested, and he does not allege that his conviction has been reversed or otherwise lawfully set aside. *Heck* therefore bars his claim. Holding otherwise would necessarily implicate the validity of his conviction because the same conduct that formed the probable cause for his arrest also provided the basis his conviction. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) (holding that *Heck* bars suit where a claim "necessarily implies the invalidity of [plaintiff's] criminal conviction").

Because Plaintiff has failed to allege any viable claims in his Complaint, his case should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

## B. Recommendation

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

### III.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen

(14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 18, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE